JENNIE D. SMALLING, et al., v. JOHN I. COX, et al.

Eastern Section. June 15, 1931.

Petition for Certiorari denied by Supreme Court, May 14, 1931.

Caldwell, Brown & O'Dell, B. S. Gore and R. L. Pennington, all of Bristol, for appellant.

A. C. Keebler and Burrow & Burrow, all of Bristol, for appellee.

SENTER, J. The complainants filed the original bill in this cause to compel the defendant, John I. Cox, to make and execute a deed to Henry Ford for an undivided one-half interest in about 10,000 acres of land in Bryan County, Georgia, and sought an interlocutory mandatory injunction to compel the execution of said deed by said defendant.

The original bill alleged in substance that Henry Ford had made an offer of $65,000 cash for the one-half undivided interest in the land, and that said price was an exceptionally high price for the property, and largely more than could be obtained from any other purchaser; and it further alleged that the defendant, John I. Cox, who held the legal title to said property, but who was in fact but a trustee, had refused to execute the deed, and unless compelled to do so that they feared Ford would withdraw his offer, and that this would result in great damage to complainants, who were the heirs at law of H. E. Smalling, deceased, and the true owners of the property, subject to certain encumbrances thereon.

The defendant, John I. Cox, filed a plea in abatement to the jurisdicion of the court, setting forth several grounds. First, that the land in controversy lies in Bryan County, Georgia; and second, that a prior suit was pending in the Superior Court of Bryan County, Georgia, and that he, as a defendant in that suit, had sub-

mitted his rights in the matter to that court; and third, that he was the receiver duly appointed under the orders of the Superior Court of Bryan County, Georgia, and then held the land as receiver of that court, and had given bond and had qualified and been acting as such receiver for more than six months; and fourth, that the suit in Georgia involves the questions as to the title to the land and dower rights of the widow; and that a former suit in Tennessee had been carried as far as it could under the position taken by the attorneys for the estate of A. P. Smalling, and that the rights of all the parties had been determined; and fifth, that the Tennessee court had previously refused to take jurisdiction of the present subject at the request of solicitors for complainants and that they should not now be allowed to come into the Chancery Court again in another suit; that this matter is res adjudicata so far as the Tennessee courts are concerned; and sixth, that complainant's bill charged that defendant, John I. Cox, has nothing but a mortgage on the property and a lien for the sum of $13,821.61 with interest, and that no tender had been made of the amount due him; and seventh, that under the laws of the State of Georgia, a mandatory injunction will not lie and that the Chancery Court of Sullivan County, at Bristol, Tennessee, could not by mandatory injunction divest and vest title to land in the State of Georgia.

The complainants gave notice of a motion, or application for an interlocutory mandatory injunction and the matter was heard by the Chancellor on said motion and application, and the pleas in abatement filed by the defendants. The court overruled the pleas in abatement and ordered the issuance of an interlocutory mandatory injunction requiring defendant, John I. Cox, to execute a deed to Henry Ford to the property involved, and provided that the money be paid into the hands of the Clerk and Master of the Chancery Court at Bristol.

To this action of the court defendant John I. Cox, excepted and prayed an appeal to this court but the appeal was denied, pending the execution of the deed.

It appears that while these matters were pending the claims or debts of certain of the complainants in the Georgia suit were bought by the complainants in the present suit; and while the case was still pending at Bristol, and soon after the Chancellor had rendered his opinion, the Superior Court of Bryan County, Georgia, entered an order in the cause pending there, appointing one W. C. Lanier, of Pembroke, Georgia, a co-receiver with John I. Cox, and ordered a sale of the Georgia land by the receivers. Upon this action having been taken by the Georgia court the defendant John I. Cox filed a petition to rehear in the Bristol Chancery Court, and in which the fact that this order of sale and the appointment of a co-

receiver by the court in Georgia had been made by the Georgia court, that said defendant was by reason of his being the receiver in the Georgia court for the same property, and acting under the orders of the Georgia court, could not comply with the interlocutory mandatory injunction order in the Tennessee case, and prayed that the Chancellor re-consider the decree granting the interlocutory mandatory injunction. The Chancellor declined to grant the prayer of this petition and denied a rehearing. Following this action the defendant, John I. Cox, executed a deed to this property to Henry Ford, but because of certain recitals contained in the deed Ford refused to accept it. Whereupon, the Chancellor directed Cox to execute another deed meeting the approval of Ford, and in compliance with this direction, the defendant John I. Cox executed another deed and delivered the same to the Clerk and Master, where the deed is still held, and the court allowed the defendant Cox to appeal, and the deed held by the Clerk and Master pending the appeal, because the attorneys for Ford refused to accept the same pending a settlement of the suit in the State of Georgia or a dismissal of that suit.

The defendant John I. Cox has perfected his appeal to this court, and has assigned numerous errors to the action of the Chancellor in requiring him by the interlocutory mandatory injunction to execute the deed. The assignments of error will be later referred to.

It appears that after the appeal was perfected to the Eastern Division of this court, and after the case was heard, the property was sold under the orders of the Superior Court of Georgia to Henry Ford for the purchase price of $65,000 under a consent decree, agreed to by all the parties to the litigation, and the funds by the terms of the decree deposited by the receivers in the designated bank, and after the payment of approximately $13,000 in satisfaction of the claim of John I. Cox in the form of a former judgment decreed to him in a former suit in Sullivan County, Tennessee, and certain other items specified, the court directed that certain of the parties be permitted to borrow out of said funds certain sums, and the funds to remain subject to the further order of the court and to stand in lieu of the land which had been sold by the consent decree. It therefore results that the questions made on this appeal become practically moot questions, except as the same will affect the adjudication of the costs of this cause.

By the first assignment of error it is said that the court erred in granting an injunction against a suit pending in another state wherein the same parties were involved. This assignment is based upon the fact that the complainants in the Georgia suit, and in which suit the defendant, John I. Cox, was a defendant, were en-

joined from further prosecution of the Georgia case. We do not deem it important to consider this assignment, because the complainants in the Georgia suit who are made defendants in the present suit have not complained and have not appealed. However, in a proper case, and for sufficient reasons and grounds, a suit in another state may be enjoined. (Express Co. v. Fox, 135 Tenn., 490.)

The second assignment is to the effect that the Chancellor erred in granting an injunction against the defendant, John I. Cox, when complainants had not tendered to him the amount admitted to be' due. This assignment of error proceeds upon the theory that under the allegations in complainants' bill, Cox was not the owner of the property involved but held the property in trust, and that he held the same in trust as the security for a certain indebtedness owing to him, and that the notice required by Section 248 had not been given. This contention, we do not think, can be sustained. The section of the Code referred to refers to an injunction to prevent a sale of real estate conveyed by deed of trust or mortgage with power of sale. The instrument under which the defendant, John I. Cox, held the title to this property, and under the written agreements executed at the time the conveyance vesting the title in him was made, did not contain a power of sale by him, nor was it intended to be treated as a mortgage or trust deed with a power of sale, securing the debt. This assignment is accordingly overruled.

By certain other assignments it is urged that the Chancery Court of Sullivan County was without jurisdiction to issue an interlocutory mandatory injunction requiring the defendant Cox to execute a deed to this property, because the property is situated in the State of Georgia, and that the Tennessee court did not have jurisdiction, by injunction or otherwise, to order a sale of this property. We do not think this contention by appellant can be sustained. In the early case of Johnson v. Kimbrough, 3 Head, 559, this question is discussed, and wherein it was said:

"It is certainly true, that a court of equity may entertain a bill for the specific performance of the contract respecting land situate in a foreign country, if the parties are resident within the territorial jurisdiction of the court. In such case, although the court cannot bind the land itself, by the decree, it can bind the conscience of the party in regard to the land, and enforce him, by process against his person, to perform his agreement. But the decree is merely in personam and not in rem. Still, the want of power to act upon the land, or to enforce the decree in rem, is no objection to the jurisdiction to

act upon the person, and in that mode compel an execution of the contract according to equity and good conscience.''

Again in the case of Miller v. Birdsong, 7 Baxter, 537, this question was considered by the court, the court holding:

"But rights growing out of trust or contract, or founded on the fraudulent violation of the principles of equity, as between man and man, are purely personal, and will consequently be upheld and enforced, both by law and equity whenever jurisdiction has been acquired over the parties, without regard to the nature or situation of the property in which the controversy has its origin, and even when the relief sought consists in a decree for the conveyance of land which lies beyond the reach of the authority of the court, and can only be reached through the exercise of the power over the person.''

Other authorities appear to recognize this rule (7 R. C. L., 1062-63, 60 L. R. A., 673, and notes, 23 L. R. A. (N. S.), 924, and notes).

We are of the opinion that as an abstract proposition of law a court of Chancery in Tennessee having jurisdiction of the parties, and the parties being within the territorial jurisdiction of the court and served with process, the court could order by mandatory injunction the execution of a deed of conveyance, or the performance of the contract, with reference to property situate in another state without doing violence to any rule of comity. This would be in the nature of an action in personam and not an action in rem. (See authorities above cited.)

In the present case it appears that in a former proceedings winding up the estate of A. P. Smalling in the Chancery Court of Sullivan County, Tennessee, the court did not undertake to sell the interest of Smalling in this Georgia property, but specifically declined to assume jurisdictional power to sell this property located in the State of Georgia. After applying or subjecting the property owned by Smalling in Tennessee to the claims of creditors, there remained creditors unsatisfied. This resulted in a bill in the nature of a general creditors' bill being filed in the Superior Court of Bryan County in Georgia, seeking to sell Smalling's interest in this property, and in which suit John I. Cox was made a defendant, because it appeared that he held the legal title, but was, under the other contracts and agreements contemporaneously executed with the instrument vesting the title in him, a trustee for A. P. Smalling. After that suit was instituted in the State of Georgia, the defendant, John I. Cox, was appointed the receiver to look after, manage, and handle the property pending the sale. The bill in that cause was filed in 1929. It appears that while that suit was pending Henry Ford, of Detroit, Michigan, became interested in its purchase, and negotiations between Ford and Cox began look-

ing to a sale of the property to Ford. The record shows that Ford began his offer at $40,000 and increased the offer from time to time until he finally offered $65,000. When his offer reached this amount and Cox not having sold the same, or reported the offer to the Superior Court of Bryan County, Georgia, the complainants in the present suit filed this bill seeking the interlocutory mandatory injunction to compel Cox to make the deed. Cox resisted this bill and the relief sought, urging several reasons, among others that the proceedings in the State of Georgia for the sale of this property was pending, and that he was the receiver of the property by appointment and under the orders of the Georgia court. These defenses were set up in his plea in abatement filed and which was overruled by the Chancellor. After this action by the Chancellor, the defendant, John I. Cox, filed his petition for a rehearing, and in which he set up the fact that the suit was still pending in the State of Georgia, and that there were other creditors, and that a co-receiver, a resident of the State of Georgia, had been appointed to serve with him as a receiver for the property. This petition was likewise disallowed, and from this action of the court the appeal was granted to this court. As above set forth, since the hearing of the cause on appeal in the Eastern Section of this court, the property has been sold by a consent decree under the orders of the Superior Court of Bryan County, Georgia.

We are of the opinion that the suit in Georgia was still pending at the time the bill was filed in this cause, and that the court of the State of Georgia had taken jurisdiction of the property and the receivers were appointed by that court. At the time the original bill was filed in this cause, the defendant John I. Cox was an officer of the court of the State of Georgia by virtue of his appointment as the receiver for the property and had given bond as such receiver, and was then subject to the orders and decrees in the cause by the Georgia court. We see no reason why the complainants could not have, by petition, brought the matter to the attention of the Georgia Court where the suit was pending, and in that court by proper representations and showing, procure the acceptance of the offer of Ford and a sale of the property.

The fact that the able solicitors for complainants in this suit have acknowledged the jurisdiction of the Georgia court to sell this property, and the further fact of joining in the consent decree for the sale of this property by the Georgia court; and the further fact that the suit in the State of Georgia had not been dismissed and was still pending at the time the original bill was filed in this cause, and the sale made by the Georgia court under the bill and suit as originally filed in that court, we think is conclusive of the jurisdictional question. In this situation we are constrained to

reach the conclusion that the learned Chancellor was in error in granting the interlocutory mandatory injunction requiring and compelling the defendant, John I. Cox, to execute the deed. We are of the opinion that the decree of the Chancellor must be reversed and the suit dismissed at the cost of complainants, including the cost of this appeal.

Owen and Heiskell, JJ., concur.